NOT DESIGNATED FOR PUBLICATION

No. 120,925

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSEPH DARRELL GUILLEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; E. LEIGH HOOD, judge. Opinion filed August 23, 2019. Appeal dismissed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Joseph Darrell Guillen appeals his sentence following his conviction of one count of possession of methamphetamine. We granted Guillen's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has not filed a response. After a review of the record, we dismiss the appeal.

In October 2018, Guillen pled no contest to one count of possession of methamphetamine, a severity level 5 drug felony. Based on Guillen's presentence investigation report and drug treatment assessments, Guillen was given a criminal history score of G and was subject to mandatory drug treatment because of his crime of

1

conviction and his qualifying scores on the requisite tests. See K.S.A. 2018 Supp. 21-6824 (commonly referred to as S.B. 123). The district court imposed a presumptive sentence of 15 months in prison but placed him on probation from that sentence for 18 months which included mandatory drug treatment as required by K.S.A. 2018 Supp. 21-6824(c).

On appeal, Guillen claims the district court abused its discretion in sentencing him to an underlying 15-month prison sentence and 18 months' probation. Guillen does not challenge the district court's finding that he was subject to mandatory drug treatment pursuant to K.S.A. 2018 Supp. 21-6824.

While it is true that under K.S.A. 2018 Supp. 21-6608(c)(3), the typical presumptive term of probation for a person convicted of a severity level 5 drug felony is 12 months, as Guillen acknowledges, according to K.S.A. 2018 Supp. 21-6824(c):

> "If the offender is assigned a high risk status as determined by the drug abuse assessment performed pursuant to subsection (b)(1) and a moderate or high risk status as determined by the criminal risk-need assessment performed pursuant to subsection (b)(2), the sentencing court shall commit the offender to treatment in a drug abuse treatment program until the court determines the offender is suitable for discharge by the court. The term of treatment shall not exceed 18 months. *The court may extend the term of probation, pursuant to K.S.A. 2018 Supp. 21-6608(c)(3), and amendments thereto. The term of treatment may not exceed the term of probation*." (Emphasis added.)

Given that it is undisputed that Guillen was subject to mandatory drug treatment, the district court was required to order drug treatment up to 18 months and to impose a term of probation of up to 18 months. See K.S.A. 2018 Supp. 21-6824(c); *State v. Swazey*, 51 Kan. App. 2d 999, Syl. ¶ 3, 357 P.3d 893 (2015) (noting if offender qualifies for S.B. 123 treatment, "then sentencing court is required to commit the offender to treatment in a drug abuse treatment program [for] no . . . longer than 18 months").

Here, the district court imposed a presumptive sentence under the sentencing guidelines given Guillen's crime and criminal history score and ordered mandatory drug treatment with a corresponding probation term of 18 months as required by K.S.A. 2018 Supp. 21-6824(c). Because we lack the authority to review presumptive sentences, we dismiss the appeal. See K.S.A. 2018 Supp. 21-6820(c)(1). But even if we had jurisdiction to review Guillen's sentence, we would find no abuse of discretion. See *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015) (holding judicial action constitutes abuse of discretion if no reasonable person would take view adopted by district court, action based on error of law, or action based on error of fact).

Appeal dismissed.